# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JON LUER | ) |
| and | ) |
| ANDREA STEINEBACH, | ) |
| Plaintiffs, | ) |
| v. | ) Case No.: 4:17-cv-767-NAB |
| ST. LOUIS COUNTY, MISSOURI, | ) **JURY TRIAL DEMANDED** |
| MICHAEL CLINTON, | ) |
| BENJAMIN SELZ, | ) |
| Defendants. | ) |

## SECOND AMENDED COMPLAINT

Plaintiffs Jon Luer and Andrea Steinebach allege as follows:

## INTRODUCTION

1. In this civil rights action, brought pursuant to 42 U.S.C. § 1983, the Fourth Amendment to the Constitution of the United States, and Article I, section 15 of the Missouri Constitution, Plaintiffs Jon Luer and Andrea Steinebach seek judgment against St. Louis County, police officer Michael Clinton, and police officer Benjamin Selz for entering their home in the middle of the night with their weapons drawn and without a warrant to conduct an unreasonable search and seizure.

## PARTIES

2. Plaintiff Jon Luer is a citizen of Missouri who resides in unincorporated St. Louis County, Missouri.

3. Plaintiff Andrea Steinebach is a citizen of Missouri who resides in unincorporated St. Louis County, Missouri.

4. Defendant St. Louis County is a political subdivision and charter county of the State of Missouri. Mo. Const. art. VI, § 1, § 18.

5. Defendant Michael Clinton is a police officer employed by St. Louis County who was, at all times relevant to this complaint, acting under color of law. He is sued in his individual capacity.

6. Defendant Benjamin Selz was, at all time relevant to this complaint, a police officer employed by St. Louis County and acting under color of law. He is sued in his individual capacity.

## JURISDICTION AND VENUE

7. Plaintiffs bring these claims pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution, incorporated as against States and their municipal divisions through the Fourteenth Amendment, and Article I, section 15 of the Missouri Constitution.

8. The jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331, because Plaintiffs' action arises under the Constitution of the United States, and § 1343(a)(3) to redress the deprivation of a right secured by the Constitution of the United States.

9. This Court has supplemental jurisdiction of Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

10. Venue is proper in the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in St. Louis County, Missouri.

11. Divisional venue is proper in the Eastern Division because the events leading to the claim for relief arose in St. Louis County and Defendant is St. Louis County. E.D. Mo. L.R. 2.07(A)(1), (B)(1).

## FACTS

12. At or around 3:00 a.m. on July 10, 2016, an unidentified man called a taxi to take him from a bar in downtown City of St. Louis to St. Louis County.

13. The man did not provide a particular address to the taxi driver, just a neighborhood within unincorporated St. Louis County.

14. When they reached that neighborhood, the man told the taxi driver to drop him off near a house so that he could get money to pay the fare from inside the house.

15. The taxi fare was approximately $55.

16. The taxi driver obliged, and the man got out of the vehicle and disappeared between the house and its neighboring house.

17. The taxi driver did not see the man enter the house.

18. After the taxi driver realized the man was not going to return, he called Saint Louis County Police to track down his customer.

19. Two Saint Louis County police officers—Defendants Clinton and Selz—arrived on the scene armed with pistols.

20. The officers first searched the outdoor premises of the house near which the taxi driver had stopped.

21. Then, the officers opened a closed storm door and proceeded through it to enter the attached garage.

22. Finding no one in the garage, the officers then opened another door and proceeded through it to enter the main living area of the home.

23. Once inside the home, the officers entered through a doorway to the basement and proceeded to search the basement.

24. In the basement, the police officers encountered a locked door to a room in the basement. They pounded on that internal basement door.

25. Plaintiffs Jon Luer and Andrea Steinebach, who are married, are the homeowners and were in bed asleep during the search of their home.

26. They woke up when they heard the pounding and the officers' voices.

27. At first, Mr. Luer and Ms. Steinebach believed the sounds were coming from outside the home.

28. While Plaintiffs were fully waking up, the officers had proceeded to the main floor and were outside the bedroom with flashlights and their weapons drawn.

29. Mr. Luer was first to exit the bedroom, and he was shocked to see the two men in the hallway.

30. Mr. Luer was wearing only undergarments, and he was alarmed and frightened.

31. Ms. Steinebach, who was still in the bedroom, became alarmed and frightened when she realized her husband was speaking with someone just outside the bedroom door.

32. Still pointing their weapons at Mr. Luer, the officers identified themselves and asked Mr. Luer if he was armed and whether he kept guns in his home.

33. Mr. Luer was unarmed, but, as a federally licensed firearms dealer, he kept guns in his home and told the police so.

34. It was not until after this exchange that the police officers lowered their weapons.

35. By this point, Ms. Steinebach had hurriedly gotten dressed and joined her husband outside the bedroom.

36. The officers asked Mr. Luer questions about his family and then ordered him to wake up his son.

37. Just the day before, on July 9, 2016, the Plaintiffs' son had arrived in the United States after studying abroad, and he was jet lagged.

38. Mr. Luer and Ms. Steinebach had both seen their son enter the house and go to bed at approximately 10:00 p.m.

39. Although Mr. Luer and Ms. Steinebach knew their son had been home since 10:00 p.m. and had not recently exited any taxi, Mr. Luer complied under duress with the officers' order.

40. Upon being awoken, the Plaintiffs' son was also frightened and confused.

41. After Mr. Luer woke up his son, the officers told the son to get dressed and accompany them to the taxi, where the taxi driver misidentified the son as his customer.

42. On the way, the officers accused Plaintiffs' son of not paying taxi fare and interrogated him about what he had done the night before.

43. The taxi driver had previously told police that his customer was intoxicated and wearing a white hat, so the officers searched the son's bedroom for a white hat—none was found—and administered a sobriety test, which the son passed.

44. The police determined the Plaintiffs' son was not the taxi customer and left the area. The taxi driver also left the area.

45. On or around July 12, 2016, Mr. Luer called St. Louis County Police Department to request an incident report, but the officers had not made any report.

46. Because of these events, Ms. Steinebach continues to feel insecure in her home and feels frightened and depressed when she is home alone at night.

## COUNT I: FOURTH AMENDMENT

*Violation of Fourth Amendment rights — 42 U.S.C. § 1983 — against Defendants Michael Clinton and Benjamin Selz*

47. Plaintiffs incorporate by reference the allegations in the foregoing paragraphs of this complaint as fully set forth herein.

48. Defendants Clinton and Selz unreasonably entered and conducted an unreasonable warrantless search of Plaintiffs' home in violation of the Fourth Amendment.

49. Defendants Clinton and Selz conducted an unreasonable seizure of Mr. Luer's person by drawing their weapons and pointing them at him in his home in the middle of the night.

50. Defendants Clinton and Selz had no probable cause to enter or conduct a search of Plaintiffs' house.

51. Defendants Clinton and Selz had no reasonable suspicion that Plaintiffs, their son, or anyone inside their home had committed any criminal activity.

52. It was clearly established as of July 10, 2016, that entering and searching a private residence without probable cause or a warrant violates the Fourth Amendment.

53. It was clearly established as of July 10, 2016, that multiple uniformed police officers pointing weapons at an unarmed person without reasonable suspicion of criminal activity is an unreasonable seizure that violates the Fourth Amendment.

54. No exception to the presumptive per se unreasonableness of a warrantless home search or the unreasonable seizure of a person even arguably applied under the facts of this case.

55. Plaintiffs did not consent to Defendants Clinton and Selz entering their home without a warrant, searching their curtilage, garden, garage, kitchen, basement, or main level, or seizing Mr. Luer's person by drawing their weapons and pointing them at him.

56. Defendants Clinton and Officer Selz were acting under color of law in subjecting Plaintiffs to the violation of their rights as secured by the Fourth Amendment.

57. By unlawfully entering Plaintiffs' home and conducting a warrantless search, and drawing their weapons and pointing them at Mr. Luer in the middle of the night without even arguably appropriate justification, Defendants Clinton and Officer Selz acted with reckless and callous indifference to Plaintiffs' Fourth Amendment rights.

58. Plaintiffs suffered damages as a result of Defendants' acts.

WHEREFORE, Plaintiffs pray this Court:

    A. Enter judgment in favor of Plaintiffs and against Defendants Clinton and Selz;

    B. Award Plaintiffs nominal, compensatory, and punitive damages against Defendants Clinton and Selz;

    C. Award Plaintiffs reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

    D. Allow such other and further relief as the Court deems just and proper.

## COUNT II: UNREASONABLE SEARCH AND SEIZURE

*Missouri Constitution art. 1, § 15 — against Defendants Clinton and Selz*

59. Plaintiffs incorporate by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

60. Defendants Clinton and Selz unlawfully entered and conducted an unreasonable warrantless search of Plaintiffs' home in violation of article I, section 15 of the Missouri Constitution.

61. Defendants Clinton and Officer Selz conducted an unreasonable seizure of Mr. Luer's person by pointing their weapons at him in his home in the middle of the night in violation of article I, section 15 of the Missouri Constitution.

WHEREFORE, Plaintiffs pray this Court:

    A. Enter judgment in favor of Plaintiffs and against Defendants Clinton and Selz;

    B. Award Plaintiffs nominal and compensatory damages against Defendants Clinton and Selz;

    C. Award Plaintiffs reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

    D. Allow such other and further relief as the Court deems just and proper.

## COUNT III: MUNICIPAL LIABILITY

*42 U.S.C. § 1983 — against Defendant St. Louis County, Missouri*

62. Plaintiffs incorporate by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

63. Defendant St. Louis County failed to train and supervise Defendants Clinton and Selz on the requirements of the Fourth Amendment.

64. Defendant St. Louis County's failure to require written explanation when officers enter, and conduct a search of, a private residence without a warrant demonstrates its authorization of the officers' violation of the Fourth Amendment prohibition on unreasonable searches and its obvious failure to train or supervise.

65. Defendant St. Louis County's failure to require written report or explanation when officers draw their weapons and point them at a private citizen demonstrates its authorization of the officers' violation of the Fourth Amendment prohibition on unreasonable seizures and its obvious failure to train or supervise.

66. The officers' warrantless search and unreasonable seizure were conducted pursuant to policy or custom of St. Louis County.

67. As a direct and proximate result of Defendant St. Louis County's customs, policies, and failure to train or supervise, Plaintiffs sustained damages.

WHEREFORE, Plaintiffs pray this Court:

A. Award Plaintiffs nominal and compensatory damages against Defendant St. Louis County for its violation of Plaintiffs' constitutional rights under color of state law;

B. Award Plaintiffs reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

C. Allow such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Anthony E. Rothert
ANTHONY E. ROTHERT, #44827MO
JESSIE STEFFAN, #64861MO
ACLU of Missouri Foundation
906 Olive Street
Suite 1130
St. Louis, Missouri 63101
Phone: (314) 652-3114
Fax: (314) 652-3112
trothert@aclu-mo.org
jsteffan@aclu-mo.org

GILLIAN R. WILCOX, #61278MO
ACLU of Missouri Foundation
406 W. 34th Street
Suite 420
Kansas City, Missouri 64111
Phone: (816) 470-9938
gwilcox@aclu-mo.org

ATTORNEYS FOR PLAINTIFFS