UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JON LUER, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|     v. | )   Case No. 4:17-CV-767 NAB |
| | ) |
| COUNTY OF ST. LOUIS, MO, et al., | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Extension of Time to Complete Discovery, filed May 18, 2018 [Doc. 57], and Motion to Compel Rule 34 Inspection, filed May 21, 2018. [Doc. 59]. Defendants seek to compel Plaintiffs to permit an inspection of their home, including the outside grounds, the basement, and the first floor, excluding the bedrooms. Plaintiffs oppose the request for inspection. For the reasons discussed below, the Court will deny both motions.

**Background**

This 42 U.S.C. § 1983 action arises from an incident that occurred around 3:00 a.m. on July 10, 2016. A taxi driver dropped off an unknown intoxicated individual wearing a white hat near Plaintiffs' home and called the St. Louis County police when the individual disappeared between that home and a neighboring house and failed to return with payment. Plaintiffs' allegations about what happened next are as follows. Two officers arrived on the scene, searched the outdoor premises of Plaintiffs' home, entered the attached garage through a closed storm door, and proceeded into the main living area of the home through another door. Once inside, the officers entered and searched the basement, pounded on a locked door in the basement waking

Plaintiffs who had been asleep in their upstairs bedroom, and proceeded to the main floor. As the officers approached Plaintiffs' bedroom with flashlights and guns drawn, Plaintiff Luer exited the bedroom wearing only his undergarments, and the officers did not lower their weapons until Luer informed them he was a licensed firearms dealer and that he was unarmed but kept guns in the home. The officers asked Luer questions about his family and ordered him to wake his son, who had come home and gone to bed around 10:00 p.m. The officers interrogated the son and presented him to the taxi driver, who initially misidentified him as the customer. The officers then administered a sobriety test to the son, searched the son's room for a white hat, and finally determined that he could not have been the taxi driver's customer, as he had passed the sobriety test and no white hat was found. Plaintiff Luer called the St. Louis County Police Department on July 12, 2016, to request an incident report and was informed that no report had been filed.

Plaintiffs brought this 42 U.S.C. § 1983 action, asserting that the officers' unreasonable search and seizure violated their rights under both the United States and the Missouri Constitutions.

On May 18, 2018, Defendants filed a Motion to Extend Certain Deadlines [Doc. 57], in which they sought to amend the schedule set by the case management order applicable to this case, in order to extend the close of discovery until June 5, 2018, seek a Rule 34 inspection of Plaintiffs' home, extend by one week the deadline for the filing of dispositive motions, and to schedule two additional depositions. Plaintiffs filed a response [Doc. 58], in which they indicated their opposition to all defendants' requests except the one to take depositions out of time. Defendants then filed, on May 21, 2018, a motion to compel a Rule 34 inspection of Plaintiffs' home [Doc. 59], and Plaintiffs filed their memorandum in opposition to the motion to compel [Doc. 60].

**Discussion**

Federal Rule of Civil Procedure 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action . . . the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit." Fed.R.Civ.P. 26(b)(1). Courts construe Rule 26(b)(1) broadly. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). However, the scope of discovery is intended to focus on the actual claims or defenses that are at issue in the litigation. *See, e.g., Mallak v. Aitkin County*, No. 13-cv-2119 (DWF/LIB), 2016 WL 8607391, *6, (D. Minn. June 30, 2016).

A party may serve on any other party a request, within the scope of Fed.R.Civ.P. 26, "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed.R.Civ.P. 34(a). Rule 34(b)(1)(B) provides that the requesting party must specify a reasonable time, place, and manner for the requested inspection, and the party to whom a request for a Rule 34 inspection has been served has 30 days after such service in which to respond. Fed. R.Civ.P. 34(b)(2)(A). A shorter time to respond "*may be stipulated to* under Rule 29 *or be ordered* by the court." Fed.R.Civ.P. 34(b)(2)(A) (emphasis added).

Plaintiffs argue that Defendants' notice of inspection, which was served on May 16, 2018, a mere six days before the discovery deadline, is untimely. The Court agrees. In order to be timely, a discovery request should be served far enough in advance of the applicable

3

discovery deadline that the responsive party's response is due before the deadline. The timing of Defendants' inspection notice foreclosed Plaintiffs' opportunity to have thirty days prior to the close of discovery in which to respond. Furthermore, even if Plaintiffs had not opposed the request, this timing made it virtually impossible to complete the inspection before the close of discovery. *See Mallak*, at *12 ("[T]o be timely, a discovery request must be served in time to be completed by the close of the discovery period."); *see also Williams v. Little Rock Mun. Water Works*, 155 F.R.D. 188, 189 (E.D. Ark. 1993) (denying motion to compel responses to discovery requests "not propounded in time for the responses to be due before the discovery cutoff"). Rule 34 explicitly states that the only exceptions to the thirty-day response time for an inspection request are by stipulation of the parties, or pursuant to an order of the court. "To read Rule 34 as allowing the party serving a notice of inspection to unilaterally shorten the time for requiring the party receiving the notice to respond . . . would render the foregoing sections of Rule 34 mere surplusage." *Mallak*, at *11. Courts have long disfavored treating statutory terms as surplusage. *Freeman v. Quicken Loans, Inc.*, 536 U.S. 624, 635 (2012).

Plaintiffs also argue that the inspection request is oppressive, burdensome, and unnecessary. The Court agrees with this as well. Defendants argue that they are "entitled to an inspection" of Plaintiffs' home upon a showing of mere relevancy. [Doc. 59 at 2]. However, Plaintiffs correctly assert that "[w]here a responding party . . . objects to a Rule 34 inspection, the Court should balance the parties' conflicting interests." *Minn. Mining & Mfg. Co., Inc., v. Nippon Carbide Indus. Co., Inc.*, 171 F.R.D. 246, 249 (D. Minn. 1997). "Since entry upon a party's premises may entail greater burdens and risks than mere production of documents, a greater inquiry into the necessity for inspection would seem warranted. We therefore reject the . . . contention that the inspection in this case must necessarily be governed by the general

relevancy standard of Rule 26(b). Rule 26(c) expressly provides that 'for good cause shown,' the court may 'protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense' by either denying inspection or by appropriate restrictions on the inspection. Under this subsection, the degree to which the proposed inspection will aid in the search for truth must be balanced against the burdens and dangers created by the inspection." *Belcher v. Bassett Furniture Indus., Inc*., 588 F.2d 904, 908 (4th Cir. 1978) (citing Fed.R.Civ.P. 26(c)).

Plaintiffs argue that the Defendant police officers "entered Plaintiffs' home in the middle of the night without a warrant and with their weapons unholstered . . . [and that] [g]iven the nature of that undisputed intrusion and the emotional distress that intrusion caused . . . forcing Plaintiffs to invite the officers back inside their home to re-trace their steps would be oppressive, burdensome, and invasive." [Doc. 60 at 5]. Defendants counter that they are placed at a disadvantage in the litigation because "the residence and yard are at the center of the litigation," and "Plaintiffs have the obvious benefit of owning the premises." [Doc. 59 at 2]. Plaintiffs further argue that the utility of any inspection of their home would be negligible, because Defendants already possess multiple high-quality photographs of all relevant areas of the home and yard. Furthermore, Plaintiffs assert that an inspection would not elucidate either of the significant remaining factual disputes concerning the home, which include how many doors were open during the night in question, and how much effort the officers made in their attempts to rouse the sleeping family before entering the home with weapons drawn.

The Court must weigh the alleged burden this inspection would impose on Plaintiffs against the asserted utility of the inspection to Defendants. The layout of the home does not seem to be in dispute, and the Court agrees that the photographs in Defendants' possession should provide adequate information about the home and yard. *See Parshall v. Menard, Inc.,* No. 4:16-

CV-828 (CEJ), 2017 WL 980501, *1, (E.D. Mo. March 14, 2017) ("[E]ven if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where some harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information."). Meanwhile, Plaintiffs assert that the events at the heart of this case caused them emotional distress, and it would be unduly burdensome to force them to allow the Defendants back inside their home. The Court agrees that the low utility of the requested inspection is outweighed by the Plaintiffs' strong opposition to the search as burdensome and intrusive.

Based on all of the foregoing, the Court will deny Defendants' motion to compel an inspection of Plaintiffs' home and yard.

The Court turns now to Defendants' request to amend the case management order to extend the close of discovery and dispositive motion deadlines. Defendants seek to extend the discovery deadline from May 22, 2018, to June 5, 2018, in order to give them time to complete the requested inspection, and to take two depositions, one of which was set for May 25, 2018, and another that wass scheduled for June 5, 2018. Plaintiffs do not oppose the taking of the depositions outside the discovery completion deadline of May 22, 2018. Defendants also seek to extend the dispositive motion deadlines by one week in order to give them time to analyze the results of the inspection and receive the deposition transcripts for use when drafting their motion. Plaintiffs oppose this request for an extension.

The Federal Rules are usually liberally construed to permit parties to amend pleadings, add parties, and control the pace of litigation. *See Hopkins v. Saunders*, 199 F.3d 968, 974 (8th Cir. 1999). However, with regard to case management orders, "the Federal Rules set a less forgiving standard." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). Federal Rule

of Civil Procedure 16(b) specifies that such an order "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed.R.Civ.P. 16(b). "As a vehicle designed to streamline the flow of litigation through our crowded dockets, we do not take case management orders lightly, and will enforce them." *Bradford*, 249 F.3d at 809 (citations omitted). The primary measure of Rule 16's "good cause" standard "is the moving party's diligence in attempting to meet the case management orders' requirements." *Id*. (citation omitted). In this case, discovery has been ongoing for approximately one year, yet Defendants first mentioned their desire to seek a Rule 34 inspection in mid-May 2018, less than a week prior to the close of discovery. That does not indicate adequate diligence on the part of Defendants to meet the deadlines established by the case management order. Furthermore, the Court is denying Defendants' request for an inspection, so there is no need to extend the discovery deadline to complete the inspection or to study its results. With respect to Defendants' request to extend the close of discovery deadline to accommodate the two remaining depositions, the Court has already granted leave to take the June 5, 2018, deposition out of time. [Doc. 60]. The Court need not involve itself further by extending the discovery deadline in the case management order, as the parties are in agreement with respect to scheduling the remaining deposition outside the current deadline. For the above reasons, the Court will deny Defendants' request to extend the close of discovery.

The only remaining issue is whether to amend the deadline for the filing of dispositive motions. Dispositive motions are currently due on June 8, 2018, with opposition briefs due June 29, 2018, and reply briefs due July 6, 2018. Defendants seek an extension of one week for each of these deadlines, stating that they need this time "to receive all deposition transcripts and obtain an inspection." [Doc. 57 at 2]. Plaintiffs oppose the extension, stating that it is

"Defendants' conduct that has led to the necessity of scheduling depositions outside the discovery period," and that "Plaintiffs' counsel have arranged their family vacation schedules in light of the current" deadlines. [Doc. 58 at 2-3]. As the Rule 34 inspection will not be taking place, that concern is not pertinent. With regard to the depositions, the Court is not fully aware of all the circumstances that led to their being scheduled outside the discovery deadline. However, Plaintiffs offer examples of conduct on the part of Defendants that, if not clearly dilatory, certainly indicates less than diligent efforts to move things along in a timely manner. For example, Plaintiffs state that the topics to be addressed at the June 5, 2018, deposition could not be determined and noticed until Defendants answered certain interrogatories. Plaintiffs sent those interrogatories on September 7, 2017, and did not receive responses until April 6, 2018. Plaintiffs then gave Defendants notice of their proposed deposition topics on April 19, 2018, and Defendants responded with global objections to each topic the day before the deposition had been scheduled, necessitating its cancellation and rescheduling on a date outside the discovery deadline.

This apparent lack of diligence on the part of Defendants, coupled with the prejudice it would cause Plaintiffs if the deadlines were to be extended, persuade the Court that the deadlines should remain as currently scheduled. *See Bradford*, 249 F.3d at 809 (decision to modify case management order deadlines depends on the moving party's diligence in attempting to meet the deadlines coupled with the "existence or degree of prejudice to the party opposing the modification"). The Court will not amend the case management order to extend the deadline for the filing of dispositive motions.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Extension of Time to Complete Discovery is **DENIED**. [Doc. 57].

**IT IS FURTHER ORDERED** that Defendants' Motion to Compel Rule 34 Inspection is **DENIED** [Doc. 59].

Dated this 7th day of June, 2018.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE