DEFENDANTS'
EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

Jon Luer,           )
                    )
and                 )
                    )
Andrea Steinebach,  )
                    )
    Plaintiffs,     )
                    )
vs.                 )   Cause No. 4:17-cv-767-NAB
                    )
St. Louis County, Missouri, et al.  )
                    )
    Defendants.     )

**Plaintiff Luer's Supplemental Responses to Defendants' First Set of Interrogatories**

Comes now Plaintiff Luer in response to interrogatories.

### Interrogatories

1. Please identify:

    (a) the name and address of the person or persons answering these interrogatories;
    (b) His\her relationship to Plaintiff; and
    (c) his/her position of employment.

      **Jon Luer,** ▮▮▮▮▮▮▮▮ ▮▮▮▮ ▮▮▮▮, **with assistance of counsel,**

      Jessie Steffan, senior staff attorney, ACLU of Missouri

2. PLAINTIFF'S BACKGROUND INFORMATION

    Please state:

    (a) Plaintiff's full name;

      **Jon Hamil Luer**

    (b) Name of plaintiff's spouse and date of marriage;

      **Andrea Steinebach;** ▮▮▮▮▮▮

(c) Plaintiff's maiden name, if applicable;

**N/A**

(d) Plaintiff's age and date of birth;

**61 years old,** ▇

(e) Plaintiff's social security number;

**Plaintiff objects to providing his social security number to Defendants because it is not relevant or reasonably calculated to lead to the discovery of admissible information and because his social security number is protected by his constitutional right to privacy.** *Purdy v. Burlington N. & Santa Fe Ry. Co.*, No. 0:98-CV-00833-DWF, 2000 WL 34251818, at *4 (D. Minn. Mar. 28, 2000) (noting that "individuals have a strong privacy interest in their social security numbers"), *aff'd sub nom. Purdy v. Burlington N. Santa Fe Corp.*, 21 F. App'x 518 (8th Cir. 2001).

**If defense counsel provides to Plaintiff an explanation as to why his social security number is relevant, the parties can agree on a protective order, and the court enters that order, Plaintiff does not object to providing his social security number to defense counsel only.** *See Fletcher v. Tomlinson*, No. 4:14-CV-999-RLW, 2015 WL 5093426, at *5 (E.D. Mo. Aug. 28, 2015) (ordering disclosure of defendants' social security numbers only under a protective order providing for an "attorneys' eyes only designation").

(f) Plaintiff's present address;

▇

(g) Any other addresses at which plaintiff has lived during the past five years;

▇

(g) Plaintiff's present employer's name and position of employment;

**N/A**

(i) Previous employers' names for the past five (5) years and the dates of your employment there.

**ABNA Engineering, Transportation Manager (until Aug. 21, 2019)**
**Aerotek, Contractor (Nov. 27, 2019 - Jan. 29, 2020)**

3. STATEMENTS

Are you aware of any statement made by defendant(s) (or its employees) regarding the occurrence mentioned in the complaint, whether oral, written or recorded in any way, including, but not limited to, a stenographic, mechanical, electrical, audio, video, motion picture, photograph, or other recording, or transcription thereof, and, if so, state the following:

(a) Date, place, and time taken;

**1- Statements of Defendants Clinton and Selz at Plaintiffs' home,** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓**, on July 10, 2016, at approximately 3 a.m.**
**2- Statements of Sergeant Vaughn via phone on or about July 31, 2016, at approximately 5 or 6 p.m., to the best of Plaintiff Luer's recollection**
**3- Statements of unknown dispatcher or other employee of St. Louis County Police Department on or about July 12, 2016 and on or about July 13, 2016, to the best of Plaintiff Luer's recollection, times unknown**

(b) Name and addresses of all persons connected with taking it;

**N/A (not recorded by Plaintiff)**

(c) Names and addresses of all persons present at the time it was taken;

1- Defendant Officer Michael Clinton, 7900 Forsyth, St. Louis MO 63105; Defendant Officer Bejamin Selz, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓; Plaintiffs Luer, Steinebach and Luca Vezin, then of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and taxi driver Amin, address unknown
2- Sergeant Vaughn, address unknown, Plaintiff Luer
3- Unknown dispatcher, address unknown, Plaintiff Luer

(d) Whether the statement was oral, written, shorthand, recorded, taped, etc.;

1- Oral
2- Oral. Sergeant Vaughn also left a recorded voicemail for Plaintiff Luer on or about July 28, 2016.
3- Oral

(d) Was it signed?

1- No
2- No
3- No

(f) Names and addresses of the persons or organizations under whose
direction and upon whose behalf it was taken or made;

1- St. Louis County
2- St. Louis County
3- St. Louis County

(g) Please attach an exact copy of the original of the statement,
interview, report, film, or tape to your answers to these
interrogatories; if oral, please state verbatim the contents thereof.

1- **Plaintiff cannot state verbatim the contents of Officer Clinton's and Officer Selz' statements. Plaintiff recalls that when he first encountered Defendants, they asked if he was armed, if he kept guns in his home, and where they were. Plaintiff recalls Defendants stating that they were St. Louis County police. Plaintiff recalls that Defendants demanded he wake up his son. Plaintiff recalls that Defendants ordered his son to get dressed and go outside. Plaintiff recalls that—after that—Defendants stated that a taxi customer had taken a cab ride from downtown St. Louis to Plaintiffs' neighborhood and had identified Plaintiffs' home as his father's house; that the customer did not know the exact address and in fact misidentified the street as Amsterdam, not Van Loon; that the customer pointed to or near Plaintiffs' home and told the cab driver to stop, the customer had said the white truck parked outside belonged to his father; that the cab fare was $55 and he was going to go get that money from his father; that the taxi driver had not seen the man enter Plaintiffs' home but instead disappear around the side of the house. Plaintiff recalls that Defendants also stated how they had entered his home and the path they had taken once inside, including through the closed storm door on the side of the attached garage, through the closed wood door into the kitchen, through the basement, and then through the main floor, where Plaintiff then saw them. Plaintiff recalls that Defendants told him they had not entered the locked room in his basement while they had been searching his home. Plaintiff recalls that Defendants stated that the taxi customer had been drunk and was wearing a white hat. Plaintiff recalls that Defendants accused his son of not paying for a taxi ride. Plaintiff recalls that Defendants made statements to him and his son for the purpose of and during the course of searching his son's room. Plaintiff recalls that Defendants made statements to his son for the purpose of administering a sobriety test. Plaintiff recalls that Defendants stated to the taxi driver that they could not help him.**
2- **Plaintiff cannot state verbatim the contents of Sergeant Vaughn's statements. Plaintiff recalls that the conversation lasted approximately 15 to 20 minutes. Plaintiff recalls that Sergeant Vaughn stated that the officers followed policy and that they were young officers. Plaintiff recalls that Sergeant Vaughn stated he had spoken to Defendants. Plaintiff recalls that he told Sergeant Vaughn that he keeps weapons in his home and that he may well have left his bedroom with a**

gun drawn and then the officers would have shot him or his son (whose bedroom was behind where Plaintiff was as he exited his bedroom). When Plaintiff asked Sergeant Vaughn what St. Louis County would have done then, Sergeant Vaughn stated: "Then we would have some explaining to do."

3- Plaintiff cannot state verbatim the contents of the dispatchers' statements. They told him there was no report filed about the officers' entry into his home.

4. PHOTOGRAPHS, ETC.

State whether there exist photographs, videotapes, or movies with respect to the automobiles or scene of the occurrence mentioned in the complaint. If so, state the following:

(a) Describe each photograph, video or movie;
(b) State the date each was taken;
(c) State the name and address of the person taking each such photo, video, or movie;
(d) State the name, address, employer, insurer and job title of the person presently having control or custody of each photograph, video or movie.

ANSWER:

**Counsel has custody of 14 photographs taken by counsel (Jessie Steffan, senior staff attorney, ACLU of Missouri, 906 Olive Street, Suite 1130, St. Louis MO 63101). Photographs depict some parts of Plaintiffs' home that Defendants entered, viewed, and searched. Photographs were taken on November 22, 2017. Copies thereof are attached to Defendants' requests for production.**

5. WITNESSES

State the names and addresses of every person known by plaintiff, plaintiff's representatives or plaintiff's attorneys to have witnessed the occurrence mentioned in the complaint, or who was present at the scene within sixty (60) minutes of the occurrence. Designate which of such people actually claim to have witnessed the occurrence.

ANSWER:

**Plaintiffs and Plaintiffs' son Luca Vezin, Koblenz University of Applied Sciences (Hochschule Koblenz), Konrad-Zuse-Straße 1, 56075 Koblenz, Germany**
**Taxi driver Amin, address unknown**
**Defendant Officer Michael Clinton, 7900 Forsyth, St. Louis MO 63105 Defendant Officer Bejamin Selz,** ████████████████████

**All persons listed actually witnessed some or all of the occurrence.**

6. CRIMINAL RECORD

   State whether plaintiff has ever pleaded guilty to or has ever been convicted of a felony or misdemeanor (State or Federal), and if your answer is in the affirmative, please state:

   (a) The date of any such plea or conviction;
   (b) The state and county where said plea or conviction occurred;
   (c) The offense for which you pled guilty or were convicted.

   ANSWER: **None**

7. ALCOHOL, ETC.

   State whether the plaintiff consumed alcoholic beverages, medication, or drugs within a ten hour period prior to the incident in question, and if so, state the names and addresses of the places where said alcoholic beverages, medication, or drugs were consumed and describe the quantity and type of drinks, medication or drugs which were consumed in said period of time.

   ANSWER: **None, except Plaintiff consumed a cigar at or around 6 p.m. on July 9, 2016.**

8. INJURIES

   State the parts of plaintiff's body, if any, injured in the occurrence mentioned in the complaint, and for each part of his/her body so injured state the following:

   (a) The date of onset;
   (b) Whether plaintiff continues to have complaints with respect to that part of his/her body.

   ANSWER: **None, except mental and emotional distress.**

9. OTHER ILLNESSES OR INJURIES

   Has plaintiff had any illnesses, impairment or injuries to the parts of the body injured in the occurrence mentioned in the complaint, either before or after the incident which is the subject of this lawsuit?

   ANSWER: **None, except mental and emotional distress.**

   If you answered "YES" to this question, please state the following for each injury:

   (a) The date sustained or suffered;
   (b) The parts of the body involved;

    (c) The nature or type;
    (d) The name and address of each health care provider who treated or examined plaintiff.

ANSWER: **None, except mental and emotional distress. No health care provider has treated or examined Plaintiff.**

10. CLAIMS AND LAWSUITS

    Has plaintiff ever filed another lawsuit, made a constitutional violation claim against any governmental entity or department, made a claim for bodily injury, or filed a workers' compensation claim?

ANSWER:

    If you answered "YES" to this question, please state the following for each claim or lawsuit:

        (a) The date filed or lodged;
        (b) The nature or type of lawsuit or claim;
        (c) The name of the court, commission or other body in which the claim or lawsuit was brought;
        (d) The illnesses, injuries or physical condition alleged;
        (e) State whether any money was received, whether by settlement or trial, and if so, the amount;
        (f) The names and addresses of all health care providers who treated plaintiff or examined plaintiff for the claim or lawsuit.

ANSWER:

*Luer v. Lim*, **small claims court, filed 5/20/04 and dismissed voluntarily 07/20/04 upon payment of promissory note extended to defendant, no illness/injury/physical condition alleged, St. Louis County Circuit Court, 2104SC-00851**

11. SETTLEMENTS

    Has plaintiff received any settlement monies or other thing of value from any person, company, firm, corporation or association involved in this occurrence as a settlement, in whole or in part, of your claim?

ANSWER: **No**

    If you answered "YES" to this question, please state the following:

    (a) The name and address of the person, firm, association, company or corporation from whom any such settlement was made;

corporation on whose behalf any such settlement was made;
(c) The amount or value of any such settlement;
(d) Whether any forms or papers (settlement documents) were executed, excluding statements of the facts, and describe and identify the nature of any such papers or documents;
(e) If you do not possess or have access to the papers or forms (settlement documents) mentioned in Number (d) above, then state the name and address of the person, firm, association, company or corporation that has possession of said papers or forms (settlement documents).

ANSWER: N/A

12. AMOUNT CLAIMED

What dollar amount of damages is plaintiff seeking as compensation for your injuries? Please specify the personal injury damages claimed.

ANSWER: **Plaintiffs seek $1,200,000 for past and future pain and suffering, which includes mental and emotional distress.**

13. MEDICAL CARE

State the names and addresses of all doctors, hospitals or health care providers who have treated, examined or attended plaintiff since the occurrence in question and because of it, and for each listed, please state:

(a) The amount of the bill from each such health care provider for services rendered because of the occurrence in question.

(b) The number of visits and the specific dates of each visit plaintiff has made to each of these health care providers because of the occurrence.

(c) The conditions for which plaintiff was examined or treated.

(d) If you claim that plaintiff received a medical examination, care or treatment because of the occurrence mentioned in the complaint, please sign and return the attached medical authorization, after inserting the names and addresses of the doctors, hospitals or health care providers.

ANSWER: **None**

14. LOST WAGES

Does plaintiff claim a loss of earnings, wages or income as a result of the

occurrence? If so, please state:

(a) The name and address of plaintiff's employer at the time of the occurrence.

(b) The rate of pay with that employer.

(c) The amount of plaintiff's claim, and show exactly how that amount was calculated.

(d) List each day, by specific date, that plaintiff claims he/she has been unable to work because of the occurrence.

(e) If plaintiff had a loss of income other than missing time from work, state the amount of the loss, the nature of the loss, and how the amount of the loss was calculated.

(f) Please sign the attached employer authorization and insert the name and address of the employer.

ANSWER: **No**

15. DISABILITY APPLICATION

Please state whether or not plaintiff has ever applied for any type of disability benefit from any entity (governmental, insurance, employer), and if so, please state:

(a) The date of each application.

(b) The name and address of the entity.

(c) The reason for the application (i.e., the nature of the injury causing the disability).

(d) Whether or not any disability benefits were actually received.

(e) When payment of the benefits began and when it ended.

ANSWER: **No**

16. APPLICATION STATEMENTS

State whether plaintiff has made any written statements or given information regarding plaintiff's physical condition in connection with any application for employment or insurance since the date of the occurrence, and if so, please state:

  (a) The name and address of the party to whom the statement was given and,
  (b) The date of the statement.

ANSWER: **No**

17. PLAINTIFF'S SON'S BACKGROUND INFORMATION

 Please state:

  (a) Your son's full name;

**Stepson Luca Yoann Colin Vezin**

  (b) Name of plaintiff's son's spouse and date of marriage;

**N/A**

  (c) Names previously used by your son, if applicable;

**None**

  (d) Your son's age and date of birth;

**Age 25; 4/9/1997**

  (d) Your son's social security number;

**Objection; see response to interrogatory #2(e).**

  (e) Your son's present address;

**Permanent address is** ███████ ███████ ███

  (g) Any other addresses at which your son has lived during the past five years;

███████████████████████████ **was Mr. Vezin's permanent address until Plaintiffs moved. Mr. Vezin is a university student and has lived in various student housing and rented rooms during his semesters. He attends Hochschule Koblenz, Konrad-Zuse-Straße 1, 56075 Koblenz, Germany.**

  (h) Your son's present employer's name and position of employment;

**Hotel Diehls (2022-present).**

(i)  Your son's previous employers' names for the past five (5) years and the dates of his employment there.

**Welk Luxury Resorts, selling travel packages (summer 2018.)**

**Hotel Der Kleine Prince, apprenticeship program, Baden Baden, Germany (2018-2021)**

18.  Police contact.

Identify, by date, time, and place, all contact you have had with Defendants.

ANSWER:

**See response to interrogatory no. 3. In addition, Plaintiff Luer received a warning for speeding at a traffic stop in December 2017 on Big Bend Road.**

Respectfully submitted,

Anthony E. Rothert, #44827MO
Jessie Steffan #64861MO
American Civil Liberties Union
    of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
Phone: 314/652-3114
Fax: 314/652-3112
trothert@aclu-mo.org
jsteffan@aclu-mo.org

Gillian R. Wilcox, #61278MO
American Civil Liberties Union
    of Missouri Foundation
3601 Main Street
Kansas City, Missouri 64111
Phone: 816/470-9938
*Attorneys for Plaintiff Luer*

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Jon Luer, | ) |
| and | ) |
| Andrea Steinebach, | ) |
| Plaintiffs, | ) |
| vs. | ) Cause No. 4:17-cv-767-NAB |
| St. Louis County, Missouri, et al. | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**
**PLAINTIFF LUER'S SUPPLEMENTAL RESPONSES**
**TO DEFENDANTS' FIRST SET OF**
**INTERROGATORIES**

Plaintiff, by and through counsel, hereby certifies that his responses to Defendants' first set of interrogatories were emailed on May 2, 2022, to:

RACHEL SWARZLOSE
Associate County Counselor
RSchwarzlose@stlouiscountymo.gov

Anthony E. Rothert, #44827MO
Jessie Steffan, #64186MO
American Civil Liberties Union
    of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
Phone: 314/652-3114
Fax: 314/652-3112
trothert@aclu-mo.org

jsteffan@aclu-mo.org

Gillian R. Wilcox, #61278MO
American Civil Liberties Union
    of Missouri Foundation
406 West 34th Street, Suite 420
Kansas City, Missouri 64111
Phone: 816/470-9933
Fax: 314/652-3114
gwilcox@aclu-mo.org
***Attorneys for Plaintiff Luer***