IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

Jon Luer,

and

Andrea Steinebach,

    Plaintiffs,

vs.                                           Cause No. 4:17-cv-767-NAB

St. Louis County, Missouri, et al.

    Defendants.

**Plaintiff Steinebach's Supplemental Responses to Defendants' First Set of Interrogatories**

Comes now Plaintiff Steinebach in response to interrogatories.

### Interrogatories

1. Please identify:

    (a) the name and address of the person or persons answering these interrogatories;
    (b) His\her relationship to Plaintiff; and
    (b) his/her position of employment.

**ANSWER: Andrea Steinebach, ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅, with assistance of counsel, Jessie Steffan, senior staff attorney, ACLU of Missouri**

2. PLAINTIFF'S BACKGROUND INFORMATION

    Please state:

(a) Plaintiff's full name;

**Andrea Steinebach**

(b) Name of plaintiff's spouse and date of marriage;

**Jon Luer;**

(c) Plaintiff's maiden name, if applicable;

**Andrea Steinebach**

(d) Plaintiff's age and date of birth;

**57 years;**

(e) Plaintiff's social security number;

Plaintiff objects to providing her social security number to Defendants because it is not relevant or reasonably calculated to lead to the discovery of admissible information and because her social security number is protected by her constitutional right to privacy. *Purdy v. Burlington N. & Santa Fe Ry. Co.*, No. 0:98-CV-00833-DWF, 2000 WL 34251818, at *4 (D. Minn. Mar. 28, 2000) (noting that "individuals have a strong privacy interest in their social security numbers"), *aff'd sub nom. Purdy v. Burlington N. Santa Fe Corp.*, 21 F. App'x 518 (8th Cir. 2001).

If defense counsel provides to Plaintiff an explanation as to why her social security number is relevant, the parties can agree on a protective order, and the court enters that order, Plaintiff does not object to providing her social security number to defense counsel only. *See Fletcher v. Tomlinson*, No. 4:14-CV-999-RLW, 2015 WL 5093426, at *5 (E.D. Mo. Aug. 28, 2015) (ordering disclosure of defendants' social security numbers only under a protective order providing for an "attorneys' eyes only designation").

(f) Plaintiff's present address;

(g) Any other addresses at which plaintiff has lived during the past five years;

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

(g) Plaintiff's present employer's name and position of employment;

**N/A**

(i) Previous employers' names for the past five (5) years and the dates of your employment there.
**Global LT (February 2019-June 2020); German School Association of St. Louis, Teacher (until May 2018)**

3. STATEMENTS

Are you aware of any statement made by defendant(s) (or its employees) regarding the occurrence mentioned in the complaint, whether oral, written or recorded in any way, including, but not limited to, a stenographic, mechanical, electrical, audio, video, motion picture, photograph, or other recording, or transcription thereof, and, if so, state the following:

(a) Date, place, and time taken;
(b) Name and addresses of all persons connected with taking it;
(c) Names and addresses of all persons present at the time it was taken;
(d) Whether the statement was oral, written, shorthand, recorded, taped, etc.;
(e) Was it signed?
(f) Names and addresses of the persons or organizations under whose direction and upon whose behalf it was taken or made;
(g) Please attach an exact copy of the original of the statement, interview, report, film, or tape to your answers to these interrogatories; if oral, please state verbatim the contents thereof.

ANSWER:

**Defendant Officer Michael Clinton, 7900 Forsyth, St. Louis MO 63105; Defendant Officer Bejamin Selz, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ made statements on July 10, 2016, at Plaintiffs' home, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, at or around 3:00 a.m.**

Persons present were Plaintiffs, Luca Vezin, and taxi driver Amin, address unknown. Statements were oral and not recorded to Plaintiff Steinebach's knowledge. Statements were not signed to Plaintiff Steinebach's knowledge. Defendants were acting at the direction of St. Louis County, though Plaintiff Steinebach did not know that at the time. Plaintiff Steinebach cannot state verbatim the contents of Officer Clinton's and Officer Selz' statements. Plaintiff Steinebach recalls hearing Defendants making statements to her husband while she was still in their bedroom. Plaintiff Steinebach recalls Defendants accusing her son of not paying for a taxi ride. Plaintiff recalls hearing Defendants making statements about the taxi ride and their search of her home while she was standing on her front porch. Plaintiff recalls hearing Defendants state to the taxi driver that he could go.

Plaintiff Steinebach is aware of oral statements made to Plaintiff Luer via phone by Sergeant Vaughn and unknown dispatchers in or around July 2016. See interrogatory #3 directed to Plaintiff Luer.

4. PHOTOGRAPHS, ETC.

State whether there exist photographs, videotapes, or movies with respect to the automobiles or scene of the occurrence mentioned in the complaint. If so, state the following:

(a) Describe each photograph, video or movie;
(b) State the date each was taken;
(c) State the name and address of the person taking each such photo, video, or movie;
(d) State the name, address, employer, insurer and job title of the person presently having control or custody of each photograph, video or movie.

ANSWER:

Counsel has custody of 14 photographs taken by counsel (Jessie Steffan, senior staff attorney, ACLU of Missouri, 906 Olive Street, Suite 1130, St. Louis MO 63101). Photographs depict some parts of Plaintiffs' home that Defendants entered, viewed, and searched. Photographs were taken on November 22, 2017. Copies thereof are attached to Defendants' requests for production.

5. WITNESSES

State the names and addresses of every person known by plaintiff, plaintiff's

representatives or plaintiff's attorneys to have witnessed the occurrence mentioned in the complaint, or who was present at the scene within sixty (60) minutes of the occurrence. Designate which of such people actually claim to have witnessed the occurrence.

ANSWER:

**Plaintiffs and Plaintiffs' son Luca Vezin, then of** ▮
▮ **Taxi driver Amin, address unknown**
**Defendant Officer Michael Clinton, 7900 Forsyth, St. Louis MO 63105**
**Defendant Officer Bejamin Selz,** ▮

**All persons listed actually witnessed some or all of the occurrence.**

6. CRIMINAL RECORD

    State whether plaintiff has ever pleaded guilty to or has ever been convicted of a felony or misdemeanor (State or Federal), and if your answer is in the affirmative, please state:

    (a) The date of any such plea or conviction;
    (b) The state and county where said plea or conviction occurred;
    (c) The offense for which you pled guilty or were convicted.

ANSWER: None

7. ALCOHOL, ETC.

    State whether the plaintiff consumed alcoholic beverages, medication, or drugs within a ten hour period prior to the incident in question, and if so, state the names and addresses of the places where said alcoholic beverages, medication, or drugs were consumed and describe the quantity and type of drinks, medication or drugs which were consumed in said period of time.

ANSWER: None

8. INJURIES

    State the parts of plaintiff's body, if any, injured in the occurrence mentioned in the complaint, and for each part of his/her body so injured state the following:

    (a) The date of onset;
    (b) Whether plaintiff continues to have complaints with respect to that part of his/her body.

ANSWER:

**None except mental and emotional distress and insomnia. The shock of the invasion caused Plaintiff Steinebach to lose her sense of security in her home, especially when she heard a noise. It was an ongoing problem until she moved.**

9. OTHER ILLNESSES OR INJURIES

    Has plaintiff had any illnesses, impairment or injuries to the parts of the body injured in the occurrence mentioned in the complaint, either before or after the incident which is the subject of this lawsuit?

ANSWER: **None except mental and emotional distress and insomnia.**

    If you answered "YES" to this question, please state the following for each injury:

    (a) The date sustained or suffered;
    (b) The parts of the body involved;
    (c) The nature or type;
    (d) The name and address of each health care provider who treated or examined plaintiff.

ANSWER:

**None except mental and emotional distress and insomnia. The shock of the invasion caused Plaintiff Steinebach to lose her sense of security in her home, especially when she heard a noise. It was an ongoing problem until she moved. Plaintiff sought emergency medical care for severe pain on several occasions after the incident, and such pain was believed to be stress-induced (12/06/16 (Rochester, NY; back pain), 04/30/20 (St. Luke's; chest, arm, shoulder), 05/02/20 (St. Luke's; abdominal and back), 05/06/20 (St. Luke's; abdominal and back).**

10. CLAIMS AND LAWSUITS

    Has plaintiff ever filed another lawsuit, made a constitutional violation claim against any governmental entity or department, made a claim for bodily injury, or filed a workers' compensation claim?

ANSWER: **No, except for filing for divorce in France in 2004.**

If you answered "YES" to this question, please state the following for each claim or lawsuit:

(a) The date filed or lodged;
(b) The nature or type of lawsuit or claim;
(c) The name of the court, commission or other body in which the claim or lawsuit was brought;
(d) The illnesses, injuries or physical condition alleged;
(e) State whether any money was received, whether by settlement or trial, and if so, the amount;
(f) The names and addresses of all health care providers who treated plaintiff or examined plaintiff for the claim or lawsuit.

ANSWER: **No, except for filing for divorce in France in 2004.**


11. SETTLEMENTS

Has plaintiff received any settlement monies or other thing of value from any person, company, firm, corporation or association involved in this occurrence as a settlement, in whole or in part, of your claim?

ANSWER:

If you answered "YES" to this question, please state the following:

(a) The name and address of the person, firm, association, company or corporation from whom any such settlement was made;
(b) The name and address of the person, firm, association, company or corporation on whose behalf any such settlement was made;
(c) The amount or value of any such settlement;
(d) Whether any forms or papers (settlement documents) were executed, excluding statements of the facts, and describe and identify the nature of any such papers or documents;
(e) If you do not possess or have access to the papers or forms (settlement documents) mentioned in Number (d) above, then state the name and address of the person, firm, association, company or

corporation that has possession of said papers or forms (settlement documents).

ANSWER: **No**

12. AMOUNT CLAIMED

What dollar amount of damages is plaintiff seeking as compensation for your injuries? Please specify the personal injury damages claimed.

ANSWER: **Plaintiffs seek $1,200,000 for past and future pain and suffering, which includes mental and emotional distress.**

13. MEDICAL CARE

State the names and addresses of all doctors, hospitals or health care providers who have treated, examined or attended plaintiff since the occurrence in question and because of it, and for each listed, please state:

(a) The amount of the bill from each such health care provider for services rendered because of the occurrence in question.

(b) The number of visits and the specific dates of each visit plaintiff has made to each of these health care providers because of the occurrence.

(c) The conditions for which plaintiff was examined or treated.

(d) If you claim that plaintiff received a medical examination, care or treatment because of the occurrence mentioned in the complaint, please sign and return the attached medical authorization, after inserting the names and addresses of the doctors, hospitals or health care providers.

ANSWER: **Plaintiff sought emergency medical care for severe pain on several occasions after the incident, and such pain was believed to be stress-induced (12/06/16 (Rochester, NY; back pain), 04/30/20 (St. Luke's; chest, arm, shoulder), 05/02/20 (St. Luke's; abdominal and back), 05/06/20 (St. Luke's; abdominal and back).**

14. LOST WAGES

Does plaintiff claim a loss of earnings, wages or income as a result of the occurrence? If so, please state:

    (a) The name and address of plaintiff's employer at the time of the occurrence.

    (b) The rate of pay with that employer.

    (c) The amount of plaintiff's claim, and show exactly how that amount was calculated.

    (d) List each day, by specific date, that plaintiff claims he/she has been unable to work because of the occurrence.

    (e) If plaintiff had a loss of income other than missing time from work, state the amount of the loss, the nature of the loss, and how the amount of the loss was calculated.

    (f) Please sign the attached employer authorization and insert the name and address of the employer.

<u>ANSWER</u>: **None**

15. DISABILITY APPLICATION

    Please state whether or not plaintiff has ever applied for any type of disability benefit from any entity (governmental, insurance, employer), and if so, please state:

    (a) The date of each application.

    (b) The name and address of the entity.

    (c) The reason for the application (i.e., the nature of the injury causing the disability).

    (d) Whether or not any disability benefits were actually received.

    (e) When payment of the benefits began and when it ended.

<u>ANSWER</u>: **No**

16. APPLICATION STATEMENTS

State whether plaintiff has made any written statements or given information regarding plaintiff's physical condition in connection with any application for employment or insurance since the date of the occurrence, and if so, please state:

(a) The name and address of the party to whom the statement was given and,
(b) The date of the statement.

**ANSWER: No**

Please state:

(a) Your son's full name;

**Stepson Luca Yoann Colin Vezin**

(b) Name of plaintiff's son's spouse and date of marriage;

**N/A**

(c) Names previously used by your son, if applicable;

**None**

(d) Your son's age and date of birth;

**Age 25; 4/9/1997**

(d) Your son's social security number;

**Objection; see response to interrogatory #2(e).**

(e) Your son's present address;

**Permanent address is** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮**.**

(g) Any other addresses at which your son has lived during the past five years;

██████████████████████████████████ was Mr. Vezin's permanent address until Plaintiffs moved. Mr. Vezin is a university student and has lived in various student housing and rented rooms during his semesters. He attends Hochschule Koblenz, Konrad-Zuse-Straße 1, 56075 Koblenz, Germany.

(a) Your son's present employer's name and position of employment;

**Hotel Diehls (2022-present).**

(i) Your son's previous employers' names for the past five (5) years and the dates of his employment there.

**Welk Luxury Resorts, selling travel packages, summer 2018**
**Hotel Der Kleine Prince, apprenticeship program, Baden Baden, Germany (2018-2021)**

18. Police contact.

Identify, by date, time, and place, all contact you have had with Defendants.

ANSWER:

**See response to interrogatory no. 3. No other contact.**

Respectfully submitted,

/s/ Anthony E. Rothert
Anthony E. Rothert, #44827MO
Jessie Steffan #64861MO
American Civil Liberties Union
  of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
Phone: 314/652-3114
Fax: 314/652-3112
trothert@aclu-mo.org
jsteffan@aclu-mo.org

Gillian R. Wilcox, #61278MO
American Civil Liberties Union
    of Missouri Foundation
3601 Main Street
Kansas City, Missouri 64111
Phone: 816/470-9938
Fax: 314/652-3114
gwilcox@aclu-mo.org

***Attorneys for Plaintiff Steinebach***

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Jon Luer,<br><br>and<br><br>Andrea Steinebach,<br><br>   Plaintiffs,<br><br>vs.<br><br>St. Louis County, Missouri, et al.<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Cause No. 4:17-cv-767-NAB<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE
PLAINTIFF STEINEBACH'S SUPPLEMENTAL
RESPONSES TO DEFENDANTS' FIRST SET OF
INTERROGATORIES**

Plaintiff, by and through counsel, hereby certifies that her responses to Defendants' first set of interrogatories were emailed on May 2, 2022, to:

RACHEL SWARZLOSE
Associate County Counselor
RSchwarzlose@stlouiscountymo.gov


Anthony E. Rothert, #44827MO
Jessie Steffan, #64186MO
American Civil Liberties Union

of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
Phone: 314/652-3114
Fax: 314/652-3112
trothert@aclu-mo.org
jsteffan@aclu-mo.org

Gillian R. Wilcox, #61278MO
American Civil Liberties Union
   of Missouri Foundation
406 West 34th Street, Suite 420
Kansas City, Missouri 64111
Phone: 816/470-9933
Fax: 314/652-3114
gwilcox@aclu-mo.org
***Attorneys for Plaintiff Steinebach***