**DEFENDANTS'**
**EXHIBIT G**

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| Jon Luer, | ) |
| and | ) |
| Andrea Steinebach, | ) |
| Plaintiffs, | ) |
| vs. | ) Cause No. 4:17-cv-767-NAB |
| St. Louis County, Missouri, et al. | ) |
| Defendants. | ) |

**Defendants' First Request for Production of Documents to Plaintiff Jon Luer**

Comes now Plaintiff Luer in response to Defendants' first request for production.

**DOCUMENTS TO PRODUCE:**

1. Reprints and/or laser copies (not photocopies) of all videos, pictures, depictions, drawings or other visual documentation or documents of the occurrences and/or scenes described in the Complaint.

**Bates Numbers P0001-P0014 inclusive attached. This answer may be supplemented.**

**To the extent that this request includes all videos, pictures, depictions, etc., of the Luer/Steinebach home taken or possessed on any date at any time before or after the incident, since that is the "scene" of the occurrences described in the Complaint, Plaintiff objects that it is overbroad, not relevant, and not reasonably calculated to lead to the discovery of admissible information.**

2. Reprints and/or laser copies (not photocopies) of any photographs or other visual reproductions or documents depicting Plaintiff's injuries, diagnoses, wounds or conditions as described in the Complaint.

**No responsive documents.**

3. A copy of any movies, videos, photographs or other documents which have been made or captured relating to any aspect of the Complaint.

**Bates Numbers P0001-P0014 inclusive attached. This answer may be supplemented.**

**To the extent that this request includes all videos, pictures, depictions, etc., of the Luers' home taken or possessed on any date at any time before or after the incident, since that is the "scene" of the occurrences described in the Complaint, Plaintiff objects that it is overbroad, not relevant, and not reasonably calculated to lead to the discovery of admissible information.**

4. Copies of any and all statements made by Plaintiff concerning:

    a. the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto, and,

    b. any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by Plaintiff hereto and contemporaneously recorded.

**Bates Number P0015-P0024 attached. This answer may be supplemented. Portions of Bates Numbers 0017, 0019, and 0020 are redacted because those portions are statements to attorneys for purposes of seeking and/or during the course of representation. There are two additional documents responsive to this request that are, in their entirety, statements to attorneys for purposes of seeking and/or during the course of representation and are therefore covered entirely by attorney-client privilege.**

5. Any and all drawings, maps, or sketches of the scene of the incident which have been made and relate to this lawsuit or the area of occurrence of this lawsuit in any way.

**Bates Numbers P0001-P0014 inclusive attached. This answer may be supplemented.**

**To the extent that this request includes all videos, pictures, depictions, etc., of the Luers' home taken or possessed on any date at any time before or after the incident, since that is the "scene" of the occurrences described in the Complaint, Plaintiff objects that it is overbroad, not relevant, and not reasonably calculated to lead to the discovery of admissible information.**

6. True and accurate copies of any and all statements made by Defendants or any of their agents, elected officials, representatives or employees.

**Recording of 2016-07-28 voicemail attached (via electronic mail). Recording of merged dispatch calls will be provided upon request but was produced by Defendant St. Louis County and is assumed to already be in Defendants' possession.**

7. True and accurate copies of any and all statements made by Plaintiff or any of said person's agents, elected officials, representatives or employees.

**This request is unclear. Please restate. As written, Plaintiff objects that it is overbroad, not relevant, and not reasonably calculated to lead to the discovery of admissible information.**

8. Any bills, medical bills, invoices, cancelled checks or the like evidencing money actually spent by Plaintiff, or obligations to pay incurred by Plaintiff, as a result of or relating to the claims as alleged in Plaintiff's Complaint.

**No responsive documents.**

9. All documents pertaining to Plaintiff's efforts to obtain employment since July 10, 2016, including but not limited to all resumes, applications, and correspondence or other documents to or from any prospective or actual employer.

**Plaintiff is not claiming any lost wages or employment-related expenses, or any damages related to taxation, so Plaintiff objects that this request is not relevant and not reasonably calculated to lead to the discovery of admissible information.**

10. All documents regarding, concerning, pertaining to or evidencing the contentions that Defendant St. Louis County failed to adequately train or supervise its employees.

**Bates Numbers P0001-P0033 attached. This answer may be supplemented.**

11. Plaintiff's federal and state tax returns, including supporting W-2 and 1099 statements and all other attachments, for the years 2011 to present.

**Plaintiff is not claiming any lost wages or employment-related expenses, or any damages related to taxation, so Plaintiff objects that this request is overbroad, not relevant, and not reasonably calculated to lead to the discovery of admissible information. Plaintiff also objects to the provision of his social security number for the reasons provided in interrogatory no. 2 directed to him.**

12. A duly executed copy of Form 8821: Tax Form Authorization, attached hereto.

**Plaintiff is not claiming any lost wages or employment-related expenses, or any damages related to taxation, so Plaintiff objects that this request is overbroad, not relevant, and not reasonably calculated to lead to the discovery of admissible information. Plaintiff also objects to the provision of his social security number, in which he has an important privacy interest, for the reasons provided in interrogatory no. 2 directed to him.**

13. A duly executed copy of the Authorization to Obtain Medical Records attached hereto.

**Plaintiff is not claiming any damages relating to medical care, so Plaintiff objects that this request is overbroad, not relevant, and not reasonably calculated to lead to the discovery of admissible information.**

14. A duly executed copy of the Authorization to Obtain Psychotherapy Notes attached hereto.

**Plaintiff is not claiming any damages relating to psychotherapy, so Plaintiff objects that this request is overbroad, not relevant, and not reasonably calculated to lead to the discovery of admissible information.**

15. A duly executed copy of the Authorization to Obtain Employment Information attached hereto.

**Plaintiff is not claiming any lost wages or employment-related expenses, or any damages related to taxation, so Plaintiff objects that this request is overbroad, not relevant, and not reasonably calculated to lead to the discovery of admissible information.**

16. Any and all documents and tangible things related, mentioning, or having any connection to the occurrences described in Plaintiff's Complaint or utilized to answer or requested by the Interrogatories propounded by Defendants in this case.

**Bates Numbers P0001-P0033 attached. This answer may be supplemented. Please see request number 4 as to responsive documents or portions of documents covered by attorney-client privilege.**

**To the extent that this request includes all videos, pictures, depictions, etc., of the Luer/Steinebach home taken or possessed on any date at any time before or after the incident, since that is the "scene" of the occurrences described in the Complaint, Plaintiff objects that it is overbroad, not relevant, and not reasonably calculated to lead to the discovery of admissible information.**

17. Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you intend to offer into evidence at the trial of this case.

4

**Evidentiary decisions about trial have not been made. This answer may be supplemented.**

18. Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you do not intend to offer into evidence at the trial of this case but which may be used as demonstrative evidence at trial.

**Evidentiary decisions about trial have not been made. This answer may be supplemented.**

19. Any and all documents and tangible things which evidence the allegation in paragraph 33 that Plaintiff Luer was a "federally licensed firearms dealer" on July 10, 2016.

**Bates Number P0034 attached.**

 

Respectfully submitted,

/s/ Anthony E. Rothert

Anthony E. Rothert, #44827MO
Jessie Steffan #64861MO
American Civil Liberties Union
    of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
Phone: 314/652-3114
Fax: 314/652-3112
trothert@aclu-mo.org
jsteffan@aclu-mo.org

Gillian R. Wilcox, #61278MO
American Civil Liberties Union
    of Missouri Foundation
3601 Main Street
Kansas City, Missouri 64111
Phone: 816/470-9938
***Attorneys for Plaintiff Luer***

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Jon Luer, <br><br> and <br><br> Andrea Steinebach, <br><br> Plaintiffs, <br><br> vs. <br><br> St. Louis County, Missouri, et al. <br><br> Defendants. | Cause No. 4:17-cv-767-NAB |

**CERTIFICATE OF SERVICE**
**PLAINTIFF LUER'S RESPONSES TO**
**DEFENDANTS' FIRST REQUEST FOR PRODUCTION**

Plaintiff, by and through counsel, hereby certifies that his responses to Defendants' first set of interrogatories were emailed and mailed, postage prepaid on February 6, 2018, to:

CARL W. BECKER
LACEY M. SMITH
Assistant County Counselors
41 S. Central Avenue, 9th Floor
Clayton, MO 63105
cbecker@stlouisco.com
lmccauley@stlouisco.com

Anthony E. Rothert, #44827MO
Jessie Steffan, #64186MO
American Civil Liberties Union
    of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
Phone: 314/652-3114
Fax: 314/652-3112
trothert@aclu-mo.org

6

jsteffan@aclu-mo.org

Gillian R. Wilcox, #61278MO
American Civil Liberties Union
    of Missouri Foundation
406 West 34th Street, Suite 420
Kansas City, Missouri 64111
Phone: 816/470-9933
Fax: 314/652-3114
gwilcox@aclu-mo.org
***Attorneys for Plaintiff Luer***