DEFENDANTS' EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JON LUER, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No.: 4:17-cv-00767 |
| OFFICER MICHAEL CLINTON, et al., | ) |
| Defendants. | ) |

**Plaintiffs' First Supplemental Rule 26(a)(1) Disclosures**

Plaintiffs present their First Supplemental Disclosures pursuant to Rule 26(a)(1)(A) and 26(e) as follows:

**A)   Name of each individual likely to have discoverable information that Plaintiffs may use to support their claims:**

    1. Plaintiffs, who may be contacted through counsel, have knowledge to support their claims.

    2. Luca Vezin, who may be contacted through counsel, has knowledge to support Plaintiffs' claims.

    3. Defendants Michael Clinton and Benjamin Selz, employees of St. Louis County, have knowledge to support Plaintiffs' claims.

    4. Sergeant Vaughn (first name unknown), employee of Defendant St. Louis County, has knowledge to support Plaintiffs' claims.

    5. The cab driver, first name Amin, who allegedly summoned the officers and whose identity is currently unknown to Plaintiffs may have knowledge that supports Plaintiffs' claims.

1

**B)** A general description by category and location of all documents, data compilations, and tangible things in the possession, custody, or control of Plaintiffs that the Plaintiffs may use to support their claims:

- Plaintiffs' counsel has an audio recording of a voicemail left by Sergeant Vaughn (first name unknown), regarding a citizen statement complaint filed by Plaintiffs.
- Plaintiffs' counsel has a copy of a "Citizen Statement – Complaint" filed with Defendant St. Louis County.
- Plaintiffs' counsel has a copy of a partial CAD report.
- Photographs of Plaintiffs' property.

**C)** A computation of damages claimed by Plaintiff:

Plaintiffs' Complaint seeks an award of compensatory and punitive damages as well as Plaintiffs' costs and reasonable attorneys' fees. Plaintiffs' compensatory damages include:

**Moving expenses**: Plaintiffs ultimately sold their property and moved as a result of this incident due to the permanent loss of their sense of security in their home. Their moving expenses are at least $47,474, moving and storage costs, closing costs, and travel, among other things.
**Past and future loss of earned income**: As a result of this incident, and specifically because the incident forced Plaintiffs to move to a jurisdiction where they could recover their sense of security in their home, Mr. Luer lost income in the amount of at least $1,322,238. To reach this amount, Plaintiffs included known lost income from 2019, 2020, and 2021, based on last full-time employment salary (pro-rated as to 2019 and 2020). For future earnings, Plaintiffs applied a 3% growth rate to Mr. Luer's last full-time employment salary from ages 58 (the first age at which Mr. Luer lost earned income as a result of this incident) to age 67, customary and anticipated retirement age prior to the incident.
**Past and future pain and suffering** (including mental anguish, emotional distress, loss of recreational activity, and loss of enjoyment of life): The shock of the home invasion was substantial for Plaintiffs. To calculate this amount, Plaintiffs considered both the immediate effects of the unlawful entry, which were considerable, and the lingering sense of insecurity, anxiety, and difficulty sleeping, which continued until Plaintiffs were able to move out of St. Louis County, in July 2020. Compensatory damages for non-economic loss are not capable of specific calculation in advance of trial and are ultimately for the jury or judge to decide. Plaintiffs estimates that an appropriate award for past and future pain and suffering, including mental anguish, emotional distress, loss of recreational activity, and loss of enjoyment of life, is at least $1,200,000.
**Medical bills**: Ms. Steinebach sought medical care several times as a result of pain brought on by the anxiety and depression caused by the permanent loss of her sense of security in her home.

Her out-of-pocket costs are $5,964. Additional amounts were covered by insurance but are recoverable in this litigation.

**D)**     **Relevant insurance agreements**: Not applicable.

Respectfully submitted,

/s/ Jessie Steffan
Jessie Steffan, 64861MO
ACLU of Missouri Foundation
906 Olive St., Suite 1130
St. Louis, MO 63101
jsteffan@aclu-mo.org
*Attorney for Plaintiffs*
